**IT IS ORDERED as set forth below:**

**Date: August 25, 2026**

Susan D. Barrett

United States Bankruptcy Judge
Southern District of Georgia

---

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

IN RE:

TARSHA B. YEARBY,

Debtor.

Chapter 13 Case
Number 11-11230

---

TARSHA B. YEARBY,

Plaintiff.

v.

MUHAMMAD HUSSEIN SHEKASTEHBAND, a/k/a MIKE SHEKASTEHBAND, a/k/a MIKE BAND and TOMON CONCEPTS, INC. d/b/a TCI,

Defendants.

Adversary Proceeding
Number 12-01004

---

**OPINION AND ORDER**

Before the Court is Muhammad Shekastehband, DBA MHS and Associates LLC's ("Shekastehband's") pro se Motion of Creditor to Restrict Remote Public Access and To Seal or Redact Certain Records ("Motion") requesting the Court seal or redact records from public review. Dckt. No. 100; No. 11-11230 ("Underlying Case"), Dckt. No. 84.[1] The United States Trustee filed an Objection to the Motion, and Debtor's counsel appeared at the hearing to oppose the Motion. Underlying Case, Dckt. No. 85. After consideration, for the reasons set forth below and on the record at the June 11, 2026 hearing, the Motion is denied.

The Motion indicates:

> "Certain documents" filed in these proceedings "contain personal, confidential, sensitive, inaccurate and/or improperly disclosed information concerning [Shekastehband]";
>
> Continued public access to these documents has caused, and continues to, harm Shekastehband, "including reputational injury, privacy concern, financial harm, and interference with personal and business affairs";
>
> "The record . . . no longer serve[s] a substantial public purpose that outweighs the continuing harm caused by [allowing unrestricted access.]"

Dckt. No. 100, at 2, ¶¶2-4. For these reasons, Shekastehband requests the Court restrict access to the docket entries in the chapter 13 bankruptcy case and the adversary proceeding. Id. at 1, ¶5. In the alternative, Shekastehband generically requests the Court seal or redact portions of the record containing "sensitive or improper information" without specificity of the exact parts of the record. Id. at 1, ¶6.

There is a strong presumption in favor of public access to court proceedings and records. See In re Analytical Sys., Inc., 83 B.R. 833, 835 (Bankr. N.D. Ga. 1987). This strong presumption favoring

[1] The pages of the Motion were submitted in the order as docketed and are referenced by the docketed page numbering.

public disclosure "is instrumental in securing the integrity of the [judicial] process." Chicago Trib. Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001); see Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597–98 (1978). Sealing judicial records is appropriate only in limited and exceptional circumstances, and Shekastehband has failed to establish any grounds to seal or redact these documents.

Section 107 of the Bankruptcy Code codifies the presumption in favor of public access to all records filed with the bankruptcy courts, providing in part:

> (a) Except as provided in [§107(b) and (c)] and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.
>
> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> > (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.
>
> (c)(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> > (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
> >
> > (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. §107. Federal Rule of Bankruptcy Procedure 9018 governs the procedures for implementing 11 U.S.C. §107. Fed. R. Bankr. P. 9018; 10A Collier on Bankruptcy ¶ 9018.02 (16th ed. 2026); see

Fed. R. Bankr. P. 1001(a); see also Fed. R. Bankr. P. 9037 (supplementing section 107(c) of the Bankruptcy Code for protecting certain types of information for an individual).

The Eleventh Circuit Court of Appeals held that the right of public access "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential," and provided a non-exclusive list of factors for courts to consider. Romero v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and citations omitted). Factors include whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, the availability of a less onerous alternative to sealing the documents, and a party's privacy or proprietary interest in information. Id. Whether good cause exists is decided by the nature and character of the information in question. Id.

In this case, Shekastehband's Motion states no compelling grounds to rebut the presumption in favor of public access to court records. First, the Motion broadly requests the Court restrict access to certain records that contain personal, confidential, sensitive, inaccurate and/or improperly disclosed information concerning Skekastehband but fails to identify any specific information or pleading that must be redacted pursuant to 11 U.S.C. §107 or Bankruptcy Rules 9018 and 9037. Dckt. 100 at 1, ¶¶5–6. In fact, a cursory review of the records does not reveal any information that falls within the scope of 11 U.S.C. §107 or Bankruptcy Rules 9018 and 9037. Next, bare allegations of reputational harm or embarrassment are insufficient to overcome the presumption of public access. McDonald v. Grimsley, No. CV 1:23-00464-TFM-N, 2024 WL 5256498, at *3 (S.D. Ala. Sept. 13, 2024); In re Barbaran, No. 06-00457-ELG, 2022 WL 1487066, at *4 (Bankr. D.D.C. May 9, 2022) ("[M]ere embarrassment or harm caused to the party is insufficient to grant protection under § 107(b)(2).") (citing In re Food Mgmt.

Grp., LLC, 359 B.R. 543, 561 (Bankr. S.D.N.Y. 2007). Furthermore, most legal disputes involve factual disagreements over the parties' personal actions, and such factual disagreements generally are not grounds for limiting access. Id. Finally, these records have been available to the public for more than 12 years, and there is no compelling reason to seal or redact the records at this point.

For these reasons, and the reasons set forth on the record at the hearing, the Court finds Shekastehband has not shown good cause to overcome the presumption in favor of public access to court records and dockets, and the Motion is ORDERED DENIED.

**[END OF DOCUMENT]**